UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MATTHEW ELMORE,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　　　　　Defendant. | Case No. 25-cv-03343-BAS-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |

　　　　Plaintiff Robert Matthew Elmore filed a complaint against the United States Federal Bureau of Investigation (ECF No. 1) and a motion to proceed in forma pauperis ("IFP") (ECF No. 2) on the same day.

　　　　Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of

poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).  Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, the Court concludes that there is insufficient information to determine whether Plaintiff should be permitted to proceed IFP.  Plaintiff lists that he has $0 in income, $0 expected income, no assets, and no monthly expenses.  Plaintiff does not indicate any streams of income, including state or federal financial aid.  Plaintiff also does not indicate whether someone else is financially supporting him.  Plaintiff must have some way to pay for living expenses.  Without further explanation, the current IFP motion (ECF No. 2) is insufficient.  The motion is **DENIED WITHOUT PREJUDICE**.

If Plaintiff wishes to file an amended IFP motion, he must do so by **December 10, 2025**.  Alternatively, Plaintiff may also pay the filing fee.  The Court warns Plaintiff that if he does not file an amended IFP motion by **December 10, 2025**, or pay the filing fee, the Court will **DIRECT** the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED: December 1, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court